UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DWAYNE JEMON HARRIS ESTATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:25-cv-0968-MTS |
| | ) |
| CITY OF FLORISSANT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This Court previously denied the Application to Proceed in District Court without Prepaying Fees or Costs that Plaintiff, the "Dwayne Jemon Harris Estate," filed. Doc. [4]. The Court ordered that Plaintiff prepay the filing fee in full and secure an attorney to represent it, since only a natural person may qualify for treatment *in forma pauperis* under 28 U.S.C. § 1915 or represent themselves in federal court. Plaintiff did neither. Instead, Plaintiff filed a "Notice of Clarification and Substitution of Party Name." Doc. [9]. Plaintiff now maintains that, instead of the "Dwayne Jemon Harris Estate" being the proper Plaintiff, "Dwayne Jemon Harris – Rex El" is the proper Plaintiff. He writes that "Dwayne Jemon Harris – Rex El" is a "living man." *Id.* Thus, he says, he can represent himself and qualify to proceed without prepaying the filing fee. The Court will not make the substitution.

Federal Rule of Civil Procedure 17 requires that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1) (emphasis added). Plaintiff has not demonstrated that "Dwayne Jemon Harris – Rex El" is the true legal

name of any person.  *See Pol v. Smith Provision Co.*, 1:19-cv-0102-SPB, 2020 WL 924206, at *1 n.1 (W.D. Pa. Feb. 26, 2020) (concluding that the plaintiff "violated Rule 17(a)" when he did not proceed under his true "legal name").  All appearances indicate that "Dwayne Jemon Harris – Rex El" is not the true legal name of any person.  *Cf. Henry v. Fernandez-Rundle*, 773 F. App'x 596, 596–97 (11th Cir. 2019) (per curiam); Mo. Rev. Stat. § 527.270.  The Court will not allow Plaintiff to swap out one problem entity (Dwayne Jemon Harris Estate) with another (Dwayne Jemon Harris – Rex El).

"Dwayne Jemon Harris – Rex El" also submitted another Application to Proceed in District Court without Prepaying Fees or Costs.  Doc. [8].  The new Application should be denied even if the Court put aside the Rule 17(a) issue.  "Dwayne Jemon Harris – Rex El" claims that he has "no wages," "[n]o income," and "[n]o personal property" because everything is deposited with and belongs to the "Dwayne Jemon Harris Estate," not "Dwayne Jemon Harris – Rex El."  Doc. [8].  He says all his expenses, likewise, are paid by the estate.  These contentions, of course, are legal nonsense.  Because no natural person has shown that they cannot afford to pay the filing fee here, the Court will deny this latest Application.

In addition, the Court will dismiss this action *sua sponte*.  There are multiple independent grounds to do so.  *First*, Plaintiff failed to comply with the Court's previous Order regarding the filing fee and to find counsel, and he has failed to properly remedy either issue.  Dismissal is warranted for this noncompliance.  *See Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997) ("A district court has the

power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders.").

*Second*, Plaintiff's legal sleight of hand in the *in forma pauperis* Application, claiming that he has nothing since everything belongs to his contrived estate, also warrants dismissal.  Despite saying he has no money, no wages, and no assets, he was remarkably prepared to "remit" the entire filing fee to the Clerk of Court.  *See* Doc. [15] at 1.  This ability shows that his allegations of poverty plainly were untrue.  Dismissal of this action is warranted for this reason, too.  *See* 28 U.S.C. § 1915(e)(2)(A); *see also Donelson v. Tanner*, 768 F. App'x 573, 575 (7th Cir. 2019) (unsigned order) (joined by Barrett, J.) ("Courts may also dismiss a case when a litigant, in applying for the privilege to litigate without prepaying filing fees, lies to the court about his financial status."); *Dawson v. Lennon*, 797 F.2d 934, 935 (11th Cir. 1986) (per curiam) (holding a district court has the discretion to dismiss a case with prejudice where a plaintiff has in bad faith filed a false affidavit of poverty).

Lastly, a review of the merits of the action—regardless of what manufactured entity purports to bring it—shows it is frivolous.  The claims asserted in the Complaint clearly sound in the so-called sovereign citizen gobbledygook that paradoxically asserts an individual is beyond the reach of governmental authority while simultaneously asking the judicial system to grant them relief.  *See Westfall v. Davis*, 7:18-cv-0023-HRR, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018) ("They claim as grounds for this belief the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses.").

Ridiculous arguments, like those here, that a person is beyond the jurisdiction or authority of any government or lawful authority "should be rejected summarily, however they are presented."  *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases); *John Jones Bey v. Indiana*, 847 F.3d 559, 560 (7th Cir. 2017); *see also Colella v. Rogers*, 5:25-cv-0293-SPC-PRL, 2025 WL 1370200, at *1 (M.D. Fla. May 12, 2025) (noting courts summarily reject as frivolous theories, arguments, and allegations that a plaintiff is "not subject to government authority").  The Court therefore will use its inherent authority to dismiss this action as frivolous.  *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989); *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (per curiam); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam).

\* \* \*

For the reasons explained herein, the Court will deny all pending motions in this matter and enter herewith an Order of Dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that all pending Motions in this matter, Doc. [6], [8], [9], [12], [14], [17], and [20], are **DENIED**.

An Order of Dismissal, which will dismiss this action with prejudice, is entered herewith.

Dated this 3rd day of October 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE